IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JONATHAN ANDREW PERFETTO, | Cause No. CV 21-10-H-SEH |
| Petitioner, | |
| vs. | **ORDER** |
| BRIAN GOOTKIN; ATTORNEY GENERAL OF THE STATE OF MONTANA; BILLIE REICH; | |
| Respondents. | |

## INTRODUCTION

On February 4, 2021, Petitioner Jonathan Andrew Perfetto, a state prisoner

proceeding pro se, filed a petition seeking a writ of habeas corpus under 28 U.S.C.

§ 2254.[1]

## 28 U.S.C. § 2254 PETITION

Perfetto asserts in the Petition that he was convicted of five counts of

Possession of Child Sex Abuse Images and seven counts of Failure to Register

Online Identifiers in the Hillsborough County Superior Court of Manchester, New

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988); *see also* Doc. 1 at 9.

Hampshire.[2] Judgment was entered on December 19, 2011.[3] On August 1, 2017, he was transferred to the Montana State Prison, under the Interstate Corrections Compact ("ICC").[4]

Perfetto alleges that the ICC between Montana and New Hampshire expired on June 20, 2020, and has not been renewed.[5] He requests the Court order his return to New Hampshire within 30 days or to hold an expedited return to New Hampshire hearing.[6]

Federal habeas corpus relief is available only for violations of the Constitution, laws, or treaties of the United States.[7] Perfetto has no federal constitutional right to be housed in a particular prison or in a particular state.[8]

The ICC is an agreement between states, territories, and the District of Columbia, which establishes procedures governing interstate transfer of prisoners.[9] It is not federal law. Procedures governing the transfer of prisoners "are a purely local concern and there is no federal interest absent some constitutional violation in the treatment of these prisoners."[10] Perfetto has failed to demonstrate that his

---

[2] *See* Doc. 1 at 3-4.
[3] *See* Doc. 1 at 3.
[4] *See* Doc. 1 at 3; *see also* Doc. 1-1 at 1, 4.
[5] Doc. 1 at 5, ¶ 13(A).
[6] Doc. 1 at 8, ¶ 17.
[7] *See* 28 U.S.C. §2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).
[8] *Olim v. Wakinekona*, 461 U.S. 238 (1983).
[9] *See* Mont. Code Ann. §§ 46-19-401 & 402.
[10] *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1988) (citing *Stewart v. McManus*, 924 F.2d

current conditions constitute an "atypical and significant hardship" upon him "sufficient to give rise to an interest protected by the Fourteenth Amendment."[11]

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[12] A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."[13] The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."[14]

Perfetto has not made a substantial showing that he was deprived of a constitutional right. No reasonable basis for further proceedings is present.

ORDERED:

1.      Perfetto's motion to proceed in forma pauperis is GRANTED.[15] The Clerk of Court is directed to waive payment of the filing fee.

2.      Perfetto's petition for writ of habeas corpus is DENIED.[16]

---

138, 142 (8th Cir. 1991).
[11] *Ghana*, 159 F.3d at 1208-09 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).
[12] Rule 11(a), Rules Governing § 2254 Proceedings.
[13] 28 U.S.C. § 2253(c)(2).
[14] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[15] Doc. 2
[16] *See* Doc. 1.

3.    The Clerk of Court is directed to enter judgment in favor of

Respondents and against Petitioner.

4.    A certificate of appealability is DENIED.

DATED this _11th_ day of February, 2021.

Sam E. Haddon
United States District Court Judge